Herbert, J.
The basic issue raised by this action may be stated as follows:
Is the relator entitled under the provisions of Section 5703.39, Revised Code, to a writ of mandamus for an alleged noncompliance with an alleged order of the relator?
The petition seeks only to compel respondents to comply with an order which relator contends was made by relator to respondents on November 16, 1962.
“Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. ’ ’ Section 2731.01, Revised Code.
In order to prevail in an action in mandamus a relator must allege and prove a clear right to the performance of definite, specific and absolute legal duties imposed upon and violated by the respondent. State, ex rel. Preston, Dir., v. Shaver, Recorder, 172 Ohio St., 111; State, ex rel. Stanley, v. Cook, Supt., 146 Ohio St., 348; and 35 Ohio Jurisprudence (2d), 254, Mandamus, Section 13.
Relator bases its right to a writ of mandamus on the provisions of Section 5703.39, Revised Code, which read as follows:
“In addition to the other remedies provided by law for the prevention and punishment of any violation of the laws which the Department of Taxation is required to administer or the orders of the department, such laws and orders may upon the application of the department be enforced by proceedings in mandamus, injunction, or other appropriate proceedings.” (Emphasis ours.)
While this section creates a right to relief by way of mandamus to compel obedience of an order of the Board of Tax Appeals, Department of Taxation, it in no way affects or changes the basic requirements which are prerequisite to the issuance of the writ. In other words, relator, for relief under this section, must establish the issuance of a valid order specially enjoining a designated officer to perform specific acts based upon specific duties imposed on him by law.
No such order exists in the instant case. The only action *300 taken by tbe board herein was to order the report of its investigator containing certain “recommendations” spread upon the journal pursuant to provisions of Section 5703.02, Revised Code. (Appendix H to petition.)
This report contains merely recommendations which are completely void of the characteristics of an order. Furthermore, this report, under the provisions of Section 5703.22, Revised Code, is merely ‘ ‘ advisory, ’ ’ and the spreading of it upon the journal did not have the effect of making it an order of the board.
Therefore the basic issue here must be decided against relator since there is no order upon which to base the issuance of the writ.
Although not questioned by the pleadings it may be well to note that this action was instituted solely in the name of the Board of Tax Appeals. Nowhere in the petition is the “Department of Taxation” named as a party, yet all actions shall be brought in the name of the Department of Taxation. Section 5703.15, Revised Code. It is the orders of the Department of Taxation that are to be enforced under the provisons of Section 5703.39, Revised Code. Tbe Attorney General acts upon “request of the Department of Taxation.” Section 5703.23, Revised Code.
The basic issue having been resolved against the relator, it follows that the writ must be, and hereby is, denied.

Writ denied.

Taet, C. J., Zimmerman, Matthias, O’Neill, Grieeith and Gibson, JJ., concur.